1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    PAUL CLEVELAND,                          No. C 11-0125 WHA (PR)

10                Petitioner,                  **ORDER OF DISMISSAL**

11      v.

12   RANDY GROUNDS, Warden,

13                Respondent.
     _____/

14

15                              **INTRODUCTION**

16          Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. 2254.  The petition challenges the denial of parole by the

18   California Board of Parole Hearings ("Board").  Petitioner has paid the filing fee.

19                               **ANALYSIS**

20   **A.    STANDARD OF REVIEW**

21          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

22   custody pursuant to the judgment of a State court only on the ground that he is in custody in

23   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a); *Rose*

24   *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

25   requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

26   of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

27   court must "specify all the grounds for relief which are available to the petitioner ... and shall

28   set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

United States District Court

For the Northern District of California

1    the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not

2    sufficient, for the petition is expected to state facts that point to a 'real possibility of

3    constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

4    688, 689 (1st Cir. 1970)).

5    **B.      LEGAL CLAIMS**

6            Petitioner's two claims argue that the denial of parole was not supported by

7    sufficient evidence of his current dangerousness.  For purposes of federal habeas review, a

8    California prisoner is entitled to only "minimal" procedural protections in connection with

9    a parole suitability determination.  *Swarthout v Cooke*, No 10-333, slip op. at 4-5 (U.S.

10   Jan. 24, 2011).  The procedural protections to which the prisoner is entitled under the Due

11   Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an

12   opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at 4-5.

13   The parole hearing transcript attached to the petition makes it clear that Petitioner

14   received an opportunity to be heard and a statement of the reasons parole was denied.

15   The Constitution does not require more.  *Id.* at 5.  In *Swarthout*, the Court explained that

16   no Supreme Court case "supports converting California's 'some evidence' rule into a

17   substantive federal requirement."  *Ibid.*  It is simply irrelevant in federal habeas review

18   "whether California's 'some evidence' rule of judicial review (a procedure beyond what

19   the Constitution demands) was correctly applied." *Id.* at 6.  In light of the Supreme

20   Court's determination that due process does not require that there be any amount of

21   evidence to support the parole denial, petitioner's claims fail to state a cognizable claim

22   for relief.

23                                    **CONCLUSION**

24           In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**.

25   The clerk shall enter judgment and close the file.

26           **IT IS SO ORDERED.**

27   Dated: February ____14____, 2011.                    _____

28                                                        WILLIAM ALSUP
                                                          UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\CLEVELAND0125.DSM.wpd